UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Frank Staten, | ) C/A No. 4:09-2034-RBH-TER |
|---|---|
| Plaintiff, | ) |
| vs. | ) REPORT AND |
| | ) RECOMMENDATION |
| South Carolina Probation Department; Danielle Fairman; | ) FOR DISMISSAL OF |
| Ron Harper, Director, | ) DEFENDANTS DIRECTOR |
| | ) AND DEPARTMENT |
| Defendants. | ) |

The plaintiff, Frank Staten ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff also files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint seeks monetary damages for "false imprisonment, false arrest, negligence, due process, malicious prosecution." Compl. at 1. The Defendant South Carolina Probation Department[2] is immune from suit and should be dismissed as a party to this lawsuit. The Defendant Ron Harper, Director, should also be dismissed based on the failure of the complaint to state a claim against Defendant Harper. Only Defendant Danielle Fairman should be served in this case.

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] The complaint names as the defendant the South Carolina Probation Department, which is the name used herein; however, the correct name of the South Carolina state agency is Department of Probation, Parole and Pardon Services.

(1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i-iii).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Discussion

The complaint requests monetary damages against South Carolina Probation Department. The Defendant South Carolina Probation Department is immune from suit in this § 1983 action. The Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain

a suit brought against the State of South Carolina or its integral parts. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XI. The Eleventh Amendment confirmed the constitutional principle of sovereign immunity, which pre-dates the Eleventh Amendment. *See Alden v. Maine*, 527 U.S. 706, 728-29(1999). Although the Eleventh Amendment expressly forbids suits in federal court by citizens of other States against a State, the Amendment also bars suits against a State filed by it own citizens. *See Hans v. Louisiana*, 134 U.S. 1 (1890).

In *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989), the Supreme Court discussed the application of the Eleventh Amendment in § 1983 actions, stating

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity [cites omitted] or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

*Id*. at 66. The South Carolina Probation Department is an agency of the State of South Carolina. The court found that state agencies, divisions, departments, and officials are entitled to Eleventh Amendment immunity. *Id*. at 70. Although a State may consent to suit in a federal district court, which serves to waive sovereign immunity, *Lapides v. Board of Regents*, 535 U.S. 613 (2002), the State of South Carolina has specifically denied consent to suit in federal district court. *See* South Carolina Tort Claims Act, § 15-78-20(e) South Carolina Code of Laws (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit

3

only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State). The Eleventh Amendment bars Plaintiff from bringing this § 1983 action against the Defendant South Carolina Probation Department in this Court. The Defendant South Carolina Probation Department should be dismissed as a party to this lawsuit.

The Director of the state agency, Defendant Ron Harper, should also be dismissed because the complaint fails to state a claim against him. To the extent Plaintiff bases his § 1983 claim on principles of respondeat superior, the Plaintiff's claim should be dismissed. It is well-settled that liability under § 1983 cannot be based upon respondeat superior. *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978). Similarly, the doctrine of vicarious liability is not applicable in § 1983 actions. *Vinnedge v. Gibbs*, 550 F.2d 926, 927-929 & nn. 1-2 (4th Cir.1977). Unless Plaintiff claims specific wrongdoing on the part of Defendant Harper, which he has not, Defendant Harper may not be held liable for the acts of others. *Monell v. Dep't of Social Servs.*, 436 U.S. at 694. To state a claim against Defendant Harper as a supervisor, "plaintiff must show actual or constructive knowledge of a risk of constitutional injury, deliberate indifference to that risk, and "an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Carter v. Morris*, 164 F. 3d 215, 221 (4th Cir. 1999); *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir.1994)); *see also Ross v. Reed*, 719 F.2d 689, 699 (4th Cir. 1983)(administrators may be held liable when on notice of poor prison conditions). The complaint in this case has absolutely no allegations that Defendant Harper had any personal knowledge of a risk of violation of Plaintiff's constitutional rights, indifference to that risk, and a link to the claimed constitutional injury. The complaint fails to state a claim against Defendant Harper and he should be dismissed as a party to this lawsuit.

**Recommendation**

Accordingly, it is recommended that the District Judge dismiss the defendants, South Carolina Probation Department and Ron Harper, *without prejudice* and without issuance and service of process on these defendants. Service of process on the remaining defendant, Danielle Fairman, has been ordered. **Plaintiff's attention is directed to the important notice on the next page.**

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

September 16, 2009
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).