UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| FRANK STATEN, | Civil Action No.: 4:09-cv-2034-RBH-TER |
| Plaintiff, | |
| | **REPORT AND RECOMMENDATION** |
| -vs- | |
| SOUTH CAROLINA PROBATION DEPARTMENT, DANIELLE FAIRMAN, and RON HARPER, | |
| Defendants. | |

I.  **INTRODUCTION**

Plaintiff, who is proceeding pro se, appears to bring this action pursuant to 42 U.S.C. § 1983, alleging claims of false arrest, false imprisonment, malicious prosecution, and due process violations. He also asserts a state law claim for negligence. Presently before the Court is Defendant Fairman's Motion for Summary Judgment (Document # 29).[1] Because Plaintiff is proceeding pro se, he was advised pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the Motion for Summary Judgment could result in the Motion being granted. After being granted an extension of time to respond, Plaintiff filed a timely Response. This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d). This Report and Recommendation is entered for review by the district judge.

---

[1] Defendants South Carolina Probation Department and Ron Harper have already been dismissed from this action.

## II.　FACTS

Plaintiff pleaded guilty to Breach of Trust on May 16, 2002, in the Court of General Sessions, Charleston County, and was sentenced to ten (10) years suspended on five (5) years probation with the special condition that his probation would be terminated upon payment of the ordered restitution. Order dated May 16, 2002 (attached as Exhibit A to Defendant's Motion). On August 1, 2002, Plaintiff was first notified that he was in violation of his probation for failure to return to the state after an approved trip, drinking to excess requiring hospitalization, failure to report on July 24 and 31, 2002, and failure to pay his supervision fees. Fairman Aff. ¶ 4 (attached as Exhibit P to Defendant's Motion).[2] He was put on intensive probation and was to enroll in Phoenix drug and alcohol counseling by August 7, 2002. Id. at ¶ 5.

Plaintiff had been given a travel pass to go to New York. Id. at ¶ 6. While in New York, he was convicted of another crime. Id, On January 16, 2003, a warrant was issued for Plaintiff's arrest for violating five different conditions of his probation. Warrant dated January 16, 2003 (attached as Exhibit C to Defendant's Motion). When released from Hudson Correctional Facility in New York, he was extradited to South Carolina on the probation matter. Fairman Aff. ¶ 9. On July 19, 2005, Agent Fairman completed a Violation Report and requested that his probation be fully revoked. Id. at ¶ 10. He was served with a Notice of Probation Violation Hearing on July 20, 2005 and the hearing was scheduled for August 16, 2005. Id.

On August 16, 2005, the South Carolina General Sessions Court found that Plaintiff had violated his conditions of release and ordered that he continue on the probation as previously

---

[2]Defendant also cites to a Notice of Probation Violation Hearing (attached as exhibit B to Defendant's Motion).  However, that Notice is dated May 23, 2007, and notifies Plaintiff of a Probation Violation Hearing set for July 30, 2007.

ordered. Order dated August 16, 2005 (attached as Exhibit D to Defendant's Motion). The judge also ordered that Plaintiff's probation be transferred to New York, because he was on parole in that state. Id. On August 17, 2005, Plaintiff executed a Consent to Random Drug Testing and Search (attached as Exhibit E to Defendant's Motion) and an Authorization for Release of Medical and Psychological Information to the State of New York. (attached as Exhibit F to Defendant's Motion). He was then permitted to return to New York under the interstate compact where he was to successfully complete parole and drug treatment. Fairman Aff. ¶ 13. On January 23, 2006, Agent Fairman, through the interstate commission for adult supervision, sent a notice to the New York agency to request that they have Plaintiff send money for his restitution payments, and to instruct him to call the South Carolina agency to report for DNA. Id. at ¶ 14; Compact Action Request (attached as Exhibit G to Defendant's Motion).

Plaintiff asserts that he completed the drug treatment and was in compliance with his NY parole, though their records show that he had more than one positive drug screen. Offender Violation Report (attached as Exhibit H to Defendant's Motion). On April 4, 2006, Officer Guerra sent a Notice of Case Closure, Offender Violation Report and a Return of Supervision to South Carolina (attached as Exhibit I to Defendant's Motion), in which he noted that Plaintiff was currently a resident at Paladia, an 18-month substance abuse program. Plaintiff was in the residential treatment program from March 29, 2006, through September 11, 2006. See Letter from Dan Meltzer (attached as an Exhibit to Plaintiff's Response).

A warrant for Plaintiff's arrest on violations of four of the provisions of his probation was issued on August 29, 2006. Warrant dated August 29, 2006 (attached as Exhibit J to Defendant's Motion). Officer Fairman also contacted Plaintiff through his mother to inform him that he needed

to return to South Carolina in reference to the outstanding restitution owed. Fairman Aff. ¶ 18. Plaintiff obtained a travel pass from New York, in order to come to South Carolina. See Complaint.

On March 2, 2007, Plaintiff was supposed to be traveling from New York to South Carolina. Fairman Aff. ¶ 19; Complaint. He was pulled over for a traffic violation in Lufkin, Texas. Id. During that traffic stop, officers determined that there was a warrant for his arrest issued by SCDPPPS for a probation violation and arrested him. Fairman Aff. ¶ 20; Complaint. Plaintiff was returned to South Carolina on or about March 29, 2007, and served with the Notice of Probation Violation Hearing on May 23, 2007. Fairman Aff. ¶ 21; Notice of Probation Violation Hearing (attached as Exhibit K to Defendant's Motion). On July 11, 2007, Agent Fairman completed a Violation Report and requested that his probation be fully revoked. Fairman Aff. ¶ 22; Violation Report (attached as Exhibit L to Defendant's Motion). During a hearing on July 30, 2007, the state court judge found that Plaintiff had violated the conditions of his probation. Order dated July 30, 2007 (attached as Exhibit M to Defendant's Motion). The court ordered that his suspended sentence be revoked, and that he be required to serve one hundred and twenty-three (123) days. Id. The court further terminated the remainder of his probation and awarded a civil judgment for the outstanding restitution. Id. The court finally gave Plaintiff credit for time served, which was also one hundred and twenty-three (123) days and Plaintiff was released following the hearing. Id.

A civil judgment was entered against Plaintiff for Seven Thousand ($7000.00) Dollars to be payable to TEI Truckers Express and a separate civil judgment was entered against Plaintiff for One Thousand Four Hundred ($1400.00) Dollars payable to the South Carolina Department of Probation, Pardon and Parole Services. Civil Judgment dated July 30, 2007 (attached as Exhibit O to Defendant's Motion).

Plaintiff filed the present action on August 3, 2009, alleging causes of action for false arrest, false imprisonment, malicious prosecution, due process violations, and negligence. He asks to be financially compensated for being improperly imprisoned for 148 days.

### III.  STANDARD OF REVIEW

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), FRCP; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine issue for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine issue for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

Rule 56(e) provides, "when a motion for summary judgment is made and supported as

provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." See also Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). To raise a genuine issue of material fact, a party may not rest upon the mere allegations or denials of his pleadings. Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322. See also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## IV.  DISCUSSION

### A.  False Arrest and False Imprisonment

Plaintiff appears to allege that his constitutional rights were violated by the March 2, 2007, arrest in Lufkin, Texas because he was falsely arrested and falsely imprisoned. Section 1983 actions premised on alleged false arrest and/or false imprisonment are analyzed as unreasonable seizures under the Fourth Amendment. See, e.g., Brown v. Gilmore, 278 F.3d 362, 367 (4th Cir.2002) (recognizing that a plaintiff alleging a § 1983 false arrest claim needs to show that the officer decided to arrest him without probable cause to establish an unreasonable seizure under the Fourth Amendment); Rogers v. Pendleton, 249 F.3d 279, 294 (4th Cir.2001) (claims of false arrest and false imprisonment "are essentially claims alleging a seizure of the person in violation of the Fourth Amendment"). The arrest and imprisonment in question were made pursuant to a facially valid warrant. Under § 1983, "a public official cannot be charged with false arrest when he arrests a

defendant pursuant to a facially valid warrant." Porterfield v. Lott, 156 F.3d 563, 568 (4th Cir.1998); Brooks v. City of Winston-Salem, 85 F.3d 178, 181-82 (4th Cir.1996) (when arresting official makes the arrest with a facially valid warrant it is not false arrest). Importantly, Defendant Fairman neither arrested nor imprisoned Plaintiff. Thus, Plaintiff's claims for false arrest and false imprisonment against Defendant Fairman are without merit.

B.    **Malicious Prosecution**

Plaintiff's complaint about Fairman is more properly brought as a malicious prosecution claim. Nevertheless, the claim is still without merit. A "malicious prosecution claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort." Lambert v. Williams, 223 F.3d 257, 261 (4th Cir.2000). In order for a plaintiff to state a § 1983 malicious prosecution claim for a seizure violative of the Fourth Amendment, the defendant must have "seized [plaintiff] pursuant to legal process that was not supported by probable cause and the criminal proceedings [must have] terminated in [plaintiff's] favor." Brooks v. City of Winston-Salem, 85 F.3d at 178.

Plaintiff has failed to show that August 29, 2006, warrant lacked probable cause. Plaintiff alleges in his complaint that he "successfully completed his drug program and was complying with all conditions of New York State Parole." Complaint p. 5. However, the record reveals otherwise. According to the Offender Violation Report (Exhibit H to Defendant's Motion) completed by the New York City Department of Probation on April 4, 2006, Plaintiff tested positive for heroine on three separate occasions and failed to accept appropriate substance abuse treatment, both of which were violations of his probation in South Carolina. Additionally, Plaintiff does not dispute that he failed to pay his restitution and failed to follow the instructions of his agent that he contact the agent

within 30 days to schedule DNA. These violations were set forth in the arrest warrant and were sufficient to establish probable cause that Plaintiff had violated the conditions of his probation. See Pritchett v. Alford, 973 F.2d 307, 314 (4th Cir.1992) ("Probable cause, for Fourth Amendment purposes, means facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.") (internal citations omitted).

Further, Plaintiff cannot show that the criminal proceedings were terminated in his favor. At the Probation Violation Hearing on July 30, 2007, the judge found that Plaintiff violated specific conditions of his probation, revoked his suspended sentence, and ordered Plaintiff to serve 123 days of confinement. Order dated July 30, 2007. Thus, the criminal proceedings were not concluded in Plaintiff's favor and his malicious prosecution claim is without merit as well.

### C. Due Process

It is not clear what type of due process violation Plaintiff is alleging. Procedural due process for a probation revocation requires written notice of the alleged violations of probation, disclosure of the evidence against the probationer, an opportunity to be heard in person and to present evidence, a neutral hearing body and a written statement by the factfinder as to the evidence relied upon and the reasons for revoking probation. Black v. Romano, 471 U.S. 606, 612 (1985) (citing Gagnon v. Scarpelli, 411 U.S. 778, 786 (1973). Plaintiff does not allege nor does he present any evidence that he was denied any of these due process protections. Thus, Plaintiff fails to create a genuine issue of material fact as to his claim of due process violations.

### D. State Law Claims

Plaintiff fails to submit sufficient evidence to create a genuine issue of material fact on any of his federal causes of action. Thus, it is recommended that summary judgment be granted as to those claims. If the district judge accepts this Report and Recommendation, then the original federal jurisdiction claims will be dismissed. Title 28 U.S.C. § 1367(c)(3) provides, in pertinent part, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." The Fourth Circuit has recognized that "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir.1995) (holding district court did not abuse its discretion in declining to retain jurisdiction over the state law claims). See also, e.g., United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726-27, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); Revene v. Charles County Comm'rs, 882 F.2d 870, 875 (4th Cir.1989). Therefore, the undersigned recommends that the district judge decline to retain jurisdiction over Plaintiff's state law causes of action.

### V. CONCLUSION

For the reasons discussed above, it is recommended that Defendant's Motion for Summary Judgment (Document 29) be granted as to Plaintiff's § 1983 claims, the district judge decline to exercise supplemental jurisdiction over Plaintiff's state law claims and this case be dismissed in its entirety.

    s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

July 27, 2010
Florence, South Carolina

**The parties are directed to the important notice on the following page.**