IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Frank Staten, | ) | |
| | ) | C.A. No. 4:09-cv-02034-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| South Carolina Probation Department, | ) | |
| Danielle Fairman, and Ron Harper, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The *pro se* plaintiff appears to bring this action pursuant to 42 U.S.C. § 1983. The Magistrate Judge's Report and Recommendation recommends that Defendant Danielle Fairman's Motion for Summary Judgment [Entry # 29] be granted.

The Magistrate Judge filed his Report and Recommendation on July 27, 2010. [Entry # 38], at which time he also advised Plaintiff of his right to file specific objections to the Report and Recommendation within fourteen (14) days, or by August 13, 2010. [Entry # 38-1]. The Clerk of Court mailed the Report and Recommendation to Plaintiff on July 28, 2010 [Entry # 39], and on August 4, 2010, it was returned to the court as undeliverable. [Entry # 40]. On August 16, 2010, during a telephone conversation with the Clerk of Court, Plaintiff stated that his address had not changed but that he had not received the Report and Recommendation. Therefore, the Clerk of Court re-mailed the Report and Recommendation to Plaintiff on August 17, 2010, and reset Plaintiff's deadline to respond until September 3, 2010. [Entry # 41]. On the same date, Plaintiff filed a letter in response to Defendant's Reply In Support of Motion for Summary Judgment. [Entry # 43]. Thereafter, on August 19, 2010, Defendant Danielle Fairman filed Defendant's

1

Objections and Opposition to Plaintiff's "Response." [Entry # 45]. On August 24, 2010, the Report and Recommendation was again returned as undeliverable. [Entry # 46]. On September 8, 2010, Plaintiff contacted the Clerk of Court by telephone to request that the Clerk resend the Report and Recommendation to his new address. Per his request, the Clerk of Court mailed the Report and Recommendation to a different address. In addition, the court extended Plaintiff's time to respond to the Report and Recommendation until September 27, 2010. However, on this date, the Report and Recommendation was returned to the court as undeliverable for the third time.

Therefore, in a effort to achieve finality in this case, the court will treat Plaintiff's August 17, 2010 letter as his objections to the Magistrate Judge's Report and Recommendation. For the reasons stated below, the court finds Plaintiff's objections to be without merit and therefore, incorporates and adopts the Magistrate Judge's Report and Recommendation herein.

**STANDARD OF REVIEW**

The Magistrate Judge makes his Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. A Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to a Magistrate Judge's Report and Recommendation, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718

F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed.R.Civ.P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report and Recommendation results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

**DISCUSSION**

On August 3, 2009, Plaintiff brought this action under 42 U.S.C. § 1983 seeking monetary damages for false imprisonment, false arrest, negligence, due process and malicious prosecution against the South Carolina Department of Probation, Parole and Pardon Services. On February 17, 2010, Defendant Danielle Fairman filed her first Motion for Summary Judgment. On July 27, 2010, the Magistrate Judge filed his Report and Recommendation recommending that Defendant Danielle Fairman's Motion for Summary Judgment be granted and the court decline to exercise supplemental jurisdiction over Plaintiff's state law claims, and this case be dismissed in its entirety.

Plaintiff makes the following objections to the Magistrate Judge's Report and Recommendation regarding the statements contained in his violation report and/or his arrest warrant dated August 29, 2006: (1) the positive drug toxicology report dated April 4, 2006 was later shown to have resulted from medication prescribed for his pancreatitis; (2) he was never told to make restitution payments by his New York parole agent, and regardless, he could not afford

to make the payments, as he was enrolled in an in-patient drug treatment facility and receiving welfare and Medicaid; (3) on the date the warrant was issued, Plaintiff was enrolled in an in-patient drug treatment program in New York with the full consent and knowledge of the New York parole department, and upon completing his New York parole, he was not made aware of his outstanding probation in South Carolina; (4) contrary to the contents of the arrest warrant, Plaintiff provided DNA samples to Parole Officer Laurel Owen; (5) on July 11, 2007, Defendant Ron Harper signed a document stating that he had full knowledge of "what was going on" and failed to stop his probation officer from executing the arrest warrant; (6) Brett Dunaway and Defendant Danielle Fairman communicated during the time period in which Plaintiff was completing his parole in New York and did not lift the South Carolina arrest warrant; and (7) on July 30, 2007, Judge Hughston gave Plaintiff an illegal sentence of time-served when he was not guilty and the case against him should have been dismissed.

*1. Positive Drug Toxicology*

Plaintiff argues that summary judgment should have been denied on the basis that he could substantiate his positive drug toxicology report made on April 4, 2006. Plaintiff has provided the court with hospital discharge instructions dated January 25, 2006, in which he was diagnosed with pancreatitis and prescribed narcotic pain medicine. [Entry # 43-1]. However, there is no evidence in the record that his New York parole agents were notified that any of the test results were false positives or that they were related to prescribed medication. Furthermore, there is evidence in the record that Plaintiff tested positively for drugs and alcohol on more than one occasion.

*2. Restitution*

Plaintiff next argues that he was unable to pay restitution under the terms of his probation because he was on welfare and Medicaid and had entered an in-patient drug treatment program. Moreover, Plaintiff claims that his parole officer never requested that he make such payments at the time he was under supervision for his parole in New York. Again, there is evidence in the record that refutes Plaintiff's unsubstantiated claims. Specifically, on January 23, 2006, the South Carolina probation agent sent a request for restitution payments to the New York parole department. [Entry # 29-9]. Furthermore, it is undisputed that during the course of his probationary sentence, Plaintiff never made any restitution payments, the balance of which was ultimately converted to a civil judgment. [Entries # 29-3, 29-5, 29-14, and 29-15].

*3. Transfer of Probation to South Carolina*

Plaintiff next argues that on the date the warrant was issued for his arrest, he was enrolled in an in-patient drug treatment program in New York with the full consent and knowledge of the New York parole department, and upon completing his New York parole was not made aware of his outstanding probation revocation pending in South Carolina. This baseless assertion is contrary to both the record and common sense. Plaintiff was aware that he was on probation in South Carolina until 2007, as originally sentenced. Also, the record demonstrates that not only had New York parole agents prepared the paperwork for transferring his case back to South Carolina for supervision [Entries # 29-10 and 29-11], but Defendant Danielle Fairman, his probation officer, made contact with Plaintiff personally through his mother to arrange for him to travel back to South Carolina. [Entry # 29-18].

*4. DNA*

Plaintiff asserts that, contrary to the contents of the arrest warrant, he provided DNA samples to Parole Officer Laurel Owen. Plaintiff's claims are unsupported in the record; whereas, there is documentary evidence that the South Carolina probation department had requested DNA samples from Plaintiff, and he refused to submit to these samples. [Entry # 29-7 and 29-12].

*5. Failure to Stop Execution of Arrest Warrant*

Plaintiff claims that on July 11, 2007 Defendant Ron Harper signed a document stating that he had full knowledge of Plaintiff's New York parole and in-patient treatment status and failed to stop his officer from executing the arrest warrant. Plaintiff has presented no evidence that the warrant issued was improper or illegal, or that he was arrested on that warrant illegally. The warrant was facially valid and Plaintiff was found guilty of violating all of the alleged conditions of probation contained in the warrant. Furthermore, the evidence in the record demonstrates that Plaintiff was given a travel pass from New York to return to South Carolina, and he failed to return to South Carolina [Entries # 1 and 29-14, 29-18]. However, Plaintiff was arrested in Texas after a routine traffic stop in which the police officer discovered Plaintiff's outstanding arrest warrant in South Carolina. Texas is not along the route between New York and South Carolina. It is clear that Plaintiff had no intention of returning to South Carolina at the time he was arrested in Texas.

*6. South Carolina Probation Department's Knowledge of New York Parole*

Plaintiff asserts that Brett Dunaway and Defendant Danielle Fairman communicated about Plaintiff's status during the time period in which Plaintiff was completing his parole in New York and did not lift the South Carolina arrest warrant. Defendant Fairman does not dispute that there

was communication between the agencies. However, the evidence in the record demonstrates that upon completion of his New York parole, Plaintiff's case would be transferred back to South Carolina to monitor and supervise Plaintiff's remaining probationary sentence in South Carolina. Specifically, on April 4, 2006, Officer Guerra of New York's parole department sent a "Notice of Case Closure", "Offender Violation Report" and a "Return of Supervision to South Carolina" to the South Carolina Department of Probation and Parole. As a result, South Carolina probation agents assumed responsibility for supervising Plaintiff's probation. On August 29, 2006, a warrant was then sought and issued for Plaintiff's arrest on violations of four of the provisions of his probation. [Entry # 29-12].

*7. Illegal Sentence*

Plaintiff claims that on July 30, 2007, Judge Hughston gave him an illegal sentence of time-served when he was not guilty and the case against him should have been dismissed. Plaintiff has presented no evidence that the warrant was facially invalid, nor that he was arrested on that warrant illegally. Furthermore, the warrant was facially valid and Plaintiff was found guilty of violating all of the alleged conditions of probation contained in the warrant. During the hearing in Charleston, South Carolina, on July 30, 2007, the state court judge found that Plaintiff had violated conditions 3, 10, 11 and the special conditions of his probation and sentenced him accordingly. [Entries # 29-15 and 29-16]. Therefore, Plaintiff was not subjected to a sentence that was illegal.

In light of the standard set out above, the court has reviewed, *de novo,* the Report and Recommendation and the objections thereto and finds that the Report and Recommendation is appropriate. The evidence in this case stems from the documentation traded between the New

7

York and South Carolina offices of probation and parole. That evidence shows that Plaintiff did test positively for drugs, did not report to South Carolina for a DNA test, and did not pay his restitution. Furthermore, Plaintiff has not been able to prove the elements of false arrest, false imprisonment, malicious prosecution, violations of his civil rights under 42 U.S.C. § 1983, negligence, or that Defendant Danielle Fairman is a proper defendant with regard to any of the state law claims. Therefore, after a thorough review of the Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein.

It is therefore **ORDERED** that Defendant Danielle Fairman's Motion for Summary Judgment [Entry # 29] is granted; and that this action is hereby dismissed with prejudice. It is further **ORDERED** that this court shall decline to exercise supplemental jurisdiction over Plaintiff's state law causes of action. *See* Title 28 U.S.C. § 1367(c)(3) (providing "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . .").

**IT IS SO ORDERED.**

s/ J. Michelle Childs
United States District Judge

Greenville, South Carolina
September 28, 2010